UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRIAN COPPEDGE, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, et al.,<br><br>　　　Defendants. | Case No. 15-cv-04945-LB<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE**<br><br>Re: ECF No. 30 |

　　Brian Coppedge and Maximus Vargas sued PHH Mortgage Corporation and the U.S. Department of Housing and Urban Development ("HUD") to quiet title on property located in San Francisco, California.[1] The plaintiffs added HUD in their First Amended Complaint ("FAC") at a time when HUD had an interest in the subject property.[2] HUD subsequently quitclaimed its interest to PHH and currently has no interest in the property.[3] Because an action to quiet title is intended to "determine 'all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to[,]'" and because HUD has no such interest, it moves for judgment on the pleadings.[4] *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1015 (N.D. Cal. 2010), *abrogated on other grounds by Beaver v. Tarsadia Hotels*, _ F.3d

---

[1] First Amended Complaint – ECF No. 1-1, Ex. A.
[2] Motion – ECF No. 30 at 2; Opposition – ECF No. 37 at 2.
[3] Motion at 2; Opposition at 2.
[4] *See generally* Motion.

ORDER (No. 15-cv-04945-LB)

_, No. 15-55106, 2016 WL 909163, at *6 n.5 (9th Cir. Mar. 10, 2016).

The plaintiffs do not dispute that HUD lacks an interest in the subject property or that dismissal is appropriate.[5] To the contrary, they adopt HUD's statement of facts.[6] The plaintiffs argue, however, dismissal should be without prejudice because there is a good chance HUD will regain an interest in the near future.[7] The plaintiffs' attorney, Mr. Cohen, declares the current property owner informed him it cannot hold the property and is "obligated to convey the property to HUD."[8] The only issue, then, is whether dismissal should be with or without prejudice to later amendment should HUD regain an interest in the subject property.

The court finds dismissal should be without prejudice to later amendment. First, the Federal Rules of Civil Procedure adopt a liberal approach for granting leave to amend. *See, e.g.*, Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("The standard for granting leave to amend is generous."); *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (the court should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts"). Second, HUD indicates in its reply that dismissal without prejudice is "precisely the resolution HUD attempted to negotiate with plaintiffs" prior to filing the current motion.[9] Although the court is sympathetic to HUD's efforts in preparing the motion, this does not persuade the court to dismiss HUD with prejudice.

The motion is therefore granted without prejudice to later amendment.

**IT IS SO ORDERED.**

Dated: April 14, 2016

LAUREL BEELER
United States Magistrate Judge

---

[5] *See generally* Opposition.
[6] Opposition at 2.
[7] *Id.*; Cohen Decl. – ECF No. 37-1, ¶ 3.
[8] Cohen Decl. ¶ 3.
[9] Reply – ECF No. 38 at 1.

ORDER (No.  15-cv-04945-LB)   2